THEOPHILUS C. HUNT v. PATRICK ERIKSON.

*Partnership in speculative venture.*

H made an agreement with E whereby he was to look up desirable lands and bid them in at tax sales, E furnishing the money to pay for them. Both were to control alike the subsequent disposition of the lands, and after E had been repaid what he had advanced, they were to divide the profits equally. Their community of interest extended to both profit and loss. On a bill by H to wind up the partnership, this arrangement was admitted by demurrer. *Held,* that it constituted a partnership, if the parties stood to each other in the relation of principals and not of master and servant; and that the fact that the title to the lands was taken in E's name was immaterial.

*Wells v. Babcock* 56 Mich. 276 distinguished, in that the arrangement in that case was confined to individual transactions.

Appeal from Mecosta. (Fuller, J.) June 4.—June 10.

BILL for partnership accounting. Complainant appeals. Reversed.

*F. A. Mann* for complainant. It is not necessary in order to constitute a partnership that there be an express agreement that each party shall bear a share of any losses which may occur in the business; this may be inferred from the other provisions of the contract and the nature of the business, and the relation of the parties to the business to be transacted : *Richards v. Grinnell* 63 Ia. 44 ; it is no objection that the parties participate in the gross earnings instead of the net profits : *Eastman v. Clark* 53 N. H. 276: 16 Am. Rep. 200 ; *Beecher v. Bush* 45 Mich. 191: 40 Am. Rep. 465 ; a partnership may exist as to a specific adventure : *Cumpston v. McNair* 1 Wend. 463 ; *Post v. Kimberly* 9 John. 495 ; the true test of a partnership is the relation of the parties carrying on the business, to each other ; if the relation of the parties is mutually that of principal and agent to each other in the business, then they are partners : *Harvey v. Childs* 28 Ohio St. 319 : 22 Am. Rep. 387 ; *Fox v. Hickman* 8 H. L. Cases 268, 306 ; *Parchen v. Anderson* 5 Mont. 438 ; the rule is familiar that a person who receives a proportion of the profits of an enterprise or business, and has no interest in the capital stock of the business, is not a partner but a servant or agent ; but when on the other hand

it appears that such person has an interest in the capital stock of the business, he is a partner : Add. on Conts. 3 § 1294; 5 Wait's A. & D. 106; *Haring v. Lyman* 1 Story (C.C.), 396; *Richardson v. Hughitt* 76 N. Y. 55: 32 Am. Rep. 269; *Vanderburgh v. Hull* 20 Wend. 70; *Burckle v. Eckart* 1 Den. 337.

*E. F. Dewey* for defendant.   A sharing in profits does not necessarily constitute one a partner, but such sharing may be in lieu of salary or compensation to agent or employee : *Rice v. Austin* 17 Mass. 197; Parsons on Partnership (2d ed.) 58; a joint interest in an adventure is not a partnership interest : *Edson v. Gates* 44 Mich. 253; *Buck v. Dowley* 16 Gray 555.

CHAMPLIN, J.   The bill is filed in this case to wind up a partnership.   Complainant states that he entered into a partnership agreement with the defendant, the terms and conditions of which were stated in said bill as follows :

" Your orator undertook and agreed to look up and discover valuable and desirable pieces or parcels of land in said county of Mecosta, on which the taxes were unpaid, and at the sale of such lands for such delinquent taxes as was or should be provided by the law of this State, your orator agreed and undertook to bid on and purchase the same, and to procure good and proper deeds from the State for the lands so purchased, and in consideration of your orator's looking up desirable pieces of lands and bidding in same when sold for such delinquent taxes, and purchasing and procuring deeds therefor from the State, and in consideration of your orator giving his time and experience in buying land as aforesaid, and procuring deeds therefor, and doing all the business connected therewith, the said Patrick Erikson undertook and agreed to advance what money was necessary to pay for said lands so bought, and in procuring the deed therefor, and for such disbursements and expenses as should be necessary to carry on said business.   That, out of the sale of said lands so acquired, the said Erikson should first be paid and receive the amount of money advanced by him as aforesaid.   That your orator and said Erikson were to have an equal interest in said lands and venture, and the balance of the said proceeds received by the sale of the lands acquired as aforesaid should be divided equally between them.

It was further agreed, by and between your orator and said Erikson, that the papers, certificates and deeds for the

said lands purchased by them as aforesaid should be made in; the name and run to said Patrick Erikson, but to be held in trust by him for said firm, in order that the said Erikson might the better be secured and indemnified for the money advanced by him in the purchase of said lands. That the duration of said partnership was not specified or limited to any time. That all and singular the terms and conditions of said agreement were agreed, consented to, and concurred in by said Patrick Erikson. That afterwards, and pursuant to said agreement, your orator devoted his time and attention to said business, and at the sale of lands for delinquent taxes in October in said year, in Mecosta county, your orator bid off and purchased a large number of parcels of land in said county, and afterwards negotiated and received the deeds therefor from the Auditor General of said state. That said Patrick Erikson furnished and advanced the money to pay for said lands so purchased, as was provided in said agreement. Your orator bid off said lands and got the deeds therefor in the name of said Patrick Erikson, as was provided in said agreement. That afterwards your orator and said Erikson, according to the terms and object of said agreement, sold and conveyed, and contracted for the sale of, divers pieces of lands acquired as aforesaid, to different persons. That your orator received part of the purchase money for said lands so sold, but that the greater part of the money and consideration received for said land was paid direct to said Patrick Erikson. That in the sale of said lands by your orator and said Erikson, and giving contracts for the sale of the same, your orator and said Erikson acted in unison and concurrently, each one consulting the other. That of the pieces and parcels of land purchased by your orator pursuant to said agreement mentioned, all have been sold except certain descriptions particularly specified in the bill."

The complainant prays for an accounting and sale of the lands on hand, and for a dissolution of the partnership.

The defendant interposed a general demurrer for want of equity. The court below sustained the demurrer and dismissed the bill. The case in this Court was submitted upon briefs without oral argument.

The defendant insists that the court must find that the agreement between the parties, as set forth in the bill of complaint, conclusively establishes a partnership between them, or the decree below must be sustained; that a sharing

in profits does not necessarily constitute one a partner, but such sharing may be in lieu of salary or compensation to an agent or employee ; that the contract set out makes a case of employment, and for the services rendered complainant was to receive one-half the proceeds arising from the sales of such tax titles after deducting costs and expenses of purchasing the same.

This position would be quite conclusive were it not for certain other allegations in the bill, which, by demurring, the defendant has admitted to be true. The bill states that the complainant and defendant were to have equal interest in said land and venture, and the balance of the proceeds received by the sale of the lands acquired should be divided equally between them. It is thus asserted that there was a community of interest in the subject-matter of the venture, giving to each the like control over the management and disposition of the property acquired in the business, and this communion of interest under the agreement extended both to the profit and loss. The fact that the titles to the land purchased were to be and were taken in the name of the defendant, did not place the absolute control and disposition of the lands in defendant. The complainant would have authority to make contracts of sale as a member of the firm, and his contracts could be enforced in equity. Complainant states in his bill that he and defendant, according to the object and terms of their agreement, sold and conveyed, and contracted for sale, divers pieces of land to different persons, acquired as aforesaid. It is true that if, under the agreement, the relation of master and servant exists, there is no partnership ; but if they, on the contrary, stand to each other in the relation of principals, and in carrying on the business of the firm act merely as its agents, then a partnership does exist. The latter is the true position of the parties under the agreement.

The complainant was to contribute to the common enterprise his skill and personal services. The defendant was to advance the money necessary to pay the purchase price of the lands purchased, and other incidental expenses, which there-

upon became a debt due from the firm to the defendant, having priority of payment out of the sale of assets. The balance of the proceeds was to be equally divided between them. This balance of proceeds represents the profits or loss made or suffered in the business. The agreement, although silent as to the losses, if any shall happen, very plainly implies that they are to be borne equally, since the basis of division of proceeds, after paying advances, is share and share alike.

We had occasion to consider an agreement to speculate in lands in *Wells v. Babcock* 56 Mich. 276, decided at the April term, and we there held that each purchase appeared to be a separate and distinct venture, and not to constitute a partnership between the parties. Here the case is different. The complainant was clothed with authority to purchase, according to his judgment, without first obtaining the approval or consent of the defendant; and here, also, the purchase and sale of a parcel did not constitute a distinct and separate transaction. The moneys advanced were to be paid out of the first moneys realized from sales, irrespective of whether it was advanced to purchase the particular tract sold.

The decree appealed from must be reversed, and the record remanded. The defendant will have leave to answer in twenty days after notice that the record is remanded. Complainant will recover his costs.

The other Justices concurred.